In re HOME HEALTH CORPORA-
TION OF AMERICA, INC., et
al., Debtors.

HHCA Texas Health Services,
L.P., Plaintiff,

First Union National Bank, as Agent for
the Secured Lenders for, Home Health
Corporation of America, Inc., and its
Affiliates, Third–Party Plaintiff,

v.

LHS Holdings, Inc.; Liberty Health Ser-
vices, Inc.; Nurses Today M/C, Inc.
and Mark H. O'Brien, Defendants.

Bankruptcy Nos. 99–347 (MFW),
99–381(MFW).
Adversary No. A–00–9 (MFW).

United States Bankruptcy Court,
D. Delaware.

Oct. 4, 2001.

Barry D. Kleban, Gary D. Bressler, Alan I. Moldoff, Adelman, Lavine, Gold & Lev-

in, PC, Philadelphia, PA, for debtors/plaintiffs.

Charlene D. Davis, The Bayard Firm, Wilmington, DE, for debtors/plaintiffs.

Claudia Z. Springer, William K. Harrington, Duane, Morris & Heckscher, LLP, Philadelphia, PA, for third–party plaintiffs.

Michael R. Lastowski, Duane Morris & Heckscher, LLP, Wilmington, DE, for third–party plaintiffs.

Karen Lee Turner, Eckert Seamans Cherin & Mellott, LLC, Philadelphia, PA, for defendants.

Thomas S. Neuberger, Thomas S. Neuberger, P.A., Wilmington, DE, for defendants.

Neal D. Colton, Cozen & O'Connor, The Atrium, Philadelphia, PA, for the official committee of unsecured creditors.

### OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Defendants' Motion to Dismiss the Amended Third Party Complaint filed by First Union National Bank ("First Union"). For the reasons set forth below, we deny the Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 18, 1999, Home Health Care of America ("HHCA") and its affiliates, which includes HHCA Texas Health Services, L.P. ("the Plaintiff"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 19, 2000, the Plaintiff filed an adversary complaint against the Defendants seeking reimbursement for $667,955 that the Healthcare Financing Administration ("HCFA") claims is owed in overpayments on a Medicare provider agreement which the Plaintiff had acquired from the Defendants.

The Defendants assert that they are entitled to offset or recoup against the amounts owed by them to the Plaintiff sums that are due to the Defendants by the Plaintiffs. In our June 29, 2000, Opinion, confirmed today, we denied the Defendants' Motion for Partial Summary Judgment because we were unable to conclude that the acquisition by the Plaintiff of five companies owned by Mark O'Brien was a single integrated transaction.

The issue presented here by the Defendants' Motion to Dismiss is whether the Third Party Complaint, which is predicated on a subordination agreement between the Defendants and First Union, must be dismissed because on the face of the subordination agreement it does not require subordination of setoff or recoupment rights.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), and (O).

## III. DISCUSSION

### A. Standards for a Motion to Dismiss

Where a party has filed a motion to dismiss for failure to state a claim, the Court must accept the allegations of the complaint as true and draw all reasonable factual inferences in favor of the plaintiff.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2.** We incorporate herein the background facts set forth in our June 29, 2000, Opinion, as well as the decision issued contemporaneously herewith on the Defendants' Motion for Reconsideration of the June 29 decision.

See, e.g., *Weston v. Commonwealth of Pennsylvania*, No. 99–1608, 2001 WL 539470 (3d Cir. May 22, 2001); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 180 (3d Cir.2000). We are required to determine whether First Union can prove any set of facts consistent with its allegations that would entitle it to relief. *See, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). We therefore accept all of the allegations of the Amended Third Party Complaint as fact for the purpose of deciding this motion.

 In its Amended Third Party Complaint, First Union incorporates paragraphs 9 to 51 of the Complaint filed by the Plaintiff against the Defendants. Those paragraphs contain the bases on which the Plaintiff asserts that the Defendants owe it $667,955. First Union further asserts in its Amended Third Party Complaint that any sums due to the Defendants, including for setoff or recoupment, are subordinated to the claims of the secured lenders pursuant to the terms of a Subordination Agreement between the Defendants and the secured lenders. The Subordination Agreement provides that:

(4) *Moratorium on Remedies.* Subordinated Creditor [the Defendants] shall not accelerate, demand, sue for, or commence any collection or enforcement action or proceeding, take, receive, accept or retain any payment or distribution of any character, whether in cash, securities or other property, in respect of the principal of, premium on, or interest on or any fees or other amounts in respect of, the Subordinated Debt or any collateral security therefor, until all Senior Debt shall have been paid in full with interest. . . .

(5) *Bankruptcy, Insolvency.* In the event of the institution . . . bankruptcy, . . . or other similar proceeding relative to any borrower, or its property, . . .

(a) all Senior Debt shall first be paid in full in cash before any payment or distribution of any character, whether in cash, securities or other property, shall be made in respect of any Subordinated Debt [except for the issuance of securities or debt which are subordinated to the senior debt under a plan of reorganization].

The Defendants assert that, by the terms of the Subordination Agreement, the subordination does not apply to setoff or recoupment rights. Therefore, they assert that the Amended Third Party Complaint must be dismissed.

We disagree. The Subordination Agreement does not expressly except setoff or recoupment rights from the effect of the subordination. We are not prepared, in the context of a Motion to Dismiss in which we must take all pleaded facts and all reasonable inferences therefrom in favor of First Union, to hold that the Subordination Agreement cannot include setoff and recoupment rights in the absence of such an express exclusion.

## IV. *CONCLUSION*

For the reasons set forth above, we deny the Defendants' Motion to Dismiss.

An appropriate Order is attached.

### *ORDER*

**AND NOW,** this 4th day of **OCTOBER, 2001,** upon consideration of the Defendants' Motion to Dismiss the Amended Third Party Complaint and the Plaintiffs' Memoranda of Law in Opposition thereto, and for the reasons set forth in the accompanying Opinion, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss is **DENIED.**